## TILMAN FARROW *et al. versus* THE COMMONWEALTH INSURANCE COMPANY.

By a policy of insurance on a vessel, the defendants " caused C. & L., for the own-
ers, payable to C. & L., to be insured." It was *held*, that an action might be
maintained on such policy in the names of such owners, with the consent of C. &
L., it not appearing that the defendants had any claim against C. & L.

Where, at the taking of a deposition in another State, under a commission, (pre-
viously to the recent rule of court on this subject,) for the use of the plaintiffs, an
attorney was present on their part, but no one was present for the defendants, it
was *held*, that such deposition was nevertheless admissible in evidence ; and that
it was too late to take such objection, if it were valid, at the trial, it appearing
that more than a year before the trial, it as known to the counsel who then con-
ducted the defence. [Rules of Sup. Jud. Court, *No.* 7.]

ASSUMPSIT on a policy of insurance, dated October 10th,
1832, by which the defendants caused " Copeland & Lover-
ing, for the owners, payable to Copeland & Lovering," to be
insured the sum of $ 4000, on the schooner William A.
Blount, for the term of one year from October 20th, 1832.

At the trial, before *Shaw* C. J., it was objected, that the
plaintiffs, although they were in fact the owners of the vessel,
could not maintain an action on this policy in their own names
A certificate signed by Copeland & Lovering, was put into the
case, setting forth, that they had delivered up the policy to the
plaintiffs, to enable them to prosecute the defendants for the
loss ; and that the action was brought with the knowledge and
consent of Copeland & Lovering, and that they had no interest
therein.    The objection was overruled.

The plaintiffs offered in evidence the depositions of Willis
Williams and others, taken in North Carolina under a commis-
sion.    The admission of these depositions was objected to, on
the ground that at the time when they were taken, an attorney
was present on the part of the plaintiffs, (which fact was stated
in the commissioner's certificate,) but that no one was present
on behalf of the defendants ; but it appeared that the deposi-
tions were returned and filed in December 1834, that they
soon afterwards went into the hands of the counsel who then
conducted the defence, and that no objection was made on this
ground until the trial, which took place in January 1836.
This objection also was overruled.

Farrow
*v.*
Common-
wealth Ins.
Co.

The jury returned a verdict for the plaintiffs.

If the Court should be of the opinion, that the plaintiffs could not maintain an action on this contract, or that the depositions ought not to have been admitted, a new trial was to be granted.

*March 22d.*

*Fletcher*, for the defendants, as to the first objection, cited *Jefferson Ins. Co.* v. *Cotheal*, 7 Wendell, 82 ; *Parker* v. *Beasley*, 2 Maule & Selw. 423 ; *Hagedorn* v. *Oliverson*, 2 Maule & Selw. 485 ; *Cumming* v. *Forester*, 1 Maule & Selw. 494 ; as to the second objection, *St.* 1797, *c.* 35, §§ 1, 7.

*S. Hubbard* and *W. D. Sohier*, for the plaintiffs, cited to the point, that this action might be maintained by the plaintiffs, who were in fact the owners, *Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76 ; that an agent may maintain an action, in his own name, on a contract, if he is interested therein, *Underhill* v. *Gibson*, 2 New Hamp. R. 352 ; *Sargent* v. *Morris*, 3 Barn. & Ald. 277 ; *Cranston* v. *Philadelphia Ins. Co.* 5 Binney, 538 ; *Copeland* v. *Mercantile Ins. Co.* 6 Pick. 198 ; *Van Staphorst* v. *Pearce*, 4 Mass. R. 258 ; that the principal may sue, *Potter* v. *Yale College*, 8 Connect. R. 52 ; *Piggott* v. *Thompson*, 3 Bos. & Pul. 147 ; *Pacific Ins. Co.* v. *Catlett*, 4 Wendell, 75 ; *Higdon* v. *Thomas*, 1 Harr. & Gill, 153 ; *Marsh* v. *Robinson*, 4 Esp. R. 98 ; *Girard* v. *Taggart*, 5 Serg. & R. 19 ; *Gilmore* v. *Pope*, 5 Mass. R. 491 ; *Dugan* v. *United States*, 3 Wheat. 172 ; *Odiorne* v. *Maxcy*, 15 Mass. R. 44 ; *Arnold* v. *Lyman*, 17 Mass. R. 400 ; *Gardner* v. *New Bedford Ins. Co.* 17 Mass. R. 613 ; *Atkyns* v. *Amber*, 2 Esp. R. 493 ; *Ruan* v. *Gardner*, 1 Wash. C. C. R. 145 ; that either may sue, *Steinback* v. *Rhinelander*, 3 Johns. Cas. 269 ; *Skinner* v. *Stocks*, 4 Barn. & Ald. 437 ; *Maryland Ins. Co.* v. *Graham*, 3 Harris. & Johns. 62 ; *Ward* v. *Wood*, 13 Mass. R. 539 ; Lawes on Assumpsit, 398 ; as to the lien of the agent, *Moody* v. *Webster*, 3 Pick. 424 ; *Cranston* v. *Philadelphia Ins. Co.* 5 Binney, 538 ; *Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76 ; *Spring* v. *South Carolina Ins. Co.* 8 Wheat. 268 ; and to the point, that where a contract is made for the benefit of a third person, he may maintain an action on it, *Dutton* v. *Poole*, 2 Lev. 210 ; *Schemerhorn* v. *Vanderheyden*, 1 Johns. R. 139 ; *Holly* v.

*Rathbone*, 8 Johns. R. 148 ; *Sickles* v. *Sharp*, 13 Johns. R. 495 ; *Felton* v. *Dickinson*, 10 Mass. R. 287 ; *Hall* v. *Marston*, 17 Mass. R. 575 ; *Safford* v. *Stevens*, 2 Wendell, 158 ; *Weston* v. *Barker*, 12 Johns. R. 276.

PUTNAM J. delivered the opinion of the Court. The defendants object ; 1st, that the plaintiffs cannot maintain the action in their own names ; and if they can, then 2ndly, that the depositions of Willis Williams and others, ought to have been rejected.

The stress of the argument of the defendants' counsel on the first point, was, that as the loss was by the terms of the policy to be paid to Copeland & Lovering, it necessarily restricted the action to be brought in their names ; that it was an express contract to pay Copeland & Lovering, and could not be varied without the consent of both parties ; and that the defendants have not consented or agreed to pay any other persons than Copeland & Lovering in case of loss.

Much reliance seems to be placed on the words " payable to Copeland & Lovering." But if the action were brought in the names of Copeland & Lovering, and they should recover judgment and execution, the money would be payable to them, and it would be for the use of the owners. The legal operation would in that case be just equivalent to the particular provision. And if those words were not inserted in the policy, it seems to be conceded that this action might well be maintained in the names of the owners.

It does not appear that the defendants have any claim against Copeland & Lovering. And the Court cannot presume the fact without evidence. Whether the defendants could be protected if such were the fact, is not the matter for our decision upon the facts before us in this suit.

There are obvious reasons for the introduction of the clause in question. The insurance brokers might desire to have the loss paid to them to indemnify them for any advances for premium or otherwise, which they might have against the owners ; and the insurance company might desire to have that clause, to enable them to set off any legal claim which they might have against the insurance brokers. And it would authorize them to pay the loss to the brokers without any power of attorney from

the owners.    But in the case at bar these reasons do not apply.
For the brokers, Copeland & Lovering, have certified in writing,
that they have delivered the policy to the plaintiffs to enable
them to recover the loss ; and they say that they have no in-
terest whatever in the suit.

The action upon this policy might have been commenced
in the names of the insurance brokers, for the benefit of the
owners.    *Jefferson Ins. Co.* v. *Cotheal,* 7 Wendell, 82 ; or it
might be brought in the names of the plaintiffs, the owners.
*Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76.    " If (says
*Buller* J ) one person makes a promise to another for the
benefit of a third, that third may maintain an action upon it."
3 Bos. & Pul. 149, *in notis.*    " In policies of insurance, it is a
common practice to bring your action either in the name of the
party by whom the contract was made, or of the party for
whom the contract was made."    Per *Bayley* J., *Sargent* v.
*Morris,* 3 Barn. & Ald. 281.    This matter seems, however,
too clear to require the citation of authorities to support it.

As this cause is situated, it seems to be very clear, that the
plaintiffs may maintain the action in their own names.    The
insurance brokers consent, and say they have nothing to do
with the matter ; and the defendants do not show that they
have any matter of set-off against the brokers, so that we all
think that the objection upon this point cannot be sustained.

And we think, that the objection made to the admission of
the depositions of Williams and others cannot prevail.    The
objection was, that it appeared that at the time of taking the
depositions under the commission, an attorney was present on
the part of the plaintiffs, and no one on the part of the defen-
dants.    Such has unquestionably been the practice, and it is
not to be disallowed, until the Court shall have provided, and
given notice of some rule to the contrary.    It is liable to all
the observations which the defendants' counsel have made.
We have provided for the case in the rules which we have
made, and which will be published as soon as it may be con-
venient, after the revised code shall come into our hands
But if the objection were tenable, we all think it should be
considered as waived by the counsel for the defendants.    It
existed, if ever, as early as December 1834, and was known

to the counsel who then conducted the defence ; and it could not avail the defendants now, for the reason, that the counsel now engaged for the defendants, have recently had knowledge of the fact. But if the objection had been made in season, we could not have properly interfered before establishing and promulgating some rule of practice to the contrary.

Let t 1e judgment be entered for the plaintiffs, according to the verdict.